UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MARLENE M. YOUNGMAN,

                      Plaintiff,

    v.

TOWN OF HENRIETTA, JACK MOORE, CRAIG
ECKERT, and PETER MINOTTI,

                      Defendants.

**COMPLAINT**

Civil Action No.:

Plaintiff, Marlene M. Youngman, by her attorneys, Underberg & Kessler LLP, Paul F. Keneally, Esq. and Alina Nadir, Esq., of counsel, alleges in her Complaint as follows:

## JURY DEMAND

1.     Plaintiff, Marlene M. Youngman, demands a trial by jury of all issues in this action.

2.     Plaintiff seeks to recover damages against Defendants, the Town of Henrietta (the "Town"), Jack Moore, Craig Eckert, and Peter Minotti (collectively, "Defendants"), for unlawful discrimination, hostile work environment, sexual harassment, and retaliation based upon Plaintiff's sex and gender, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., (hereinafter "Title VII"), 42 U.S.C. § 1983 (hereinafter "§ 1983"), and the New York State Human Rights Law § 290 et seq. of the Executive Law of the State of New York ("NYSHRL").

3.     Plaintiff Youngman previously filed charges with the Equal Employment Opportunity Commission ("EEOC"), Charge Nos. 525-2015-00155 and 525-2015-00416.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over the Plaintiff's claims on this action pursuant to the United States Constitution, 42 U.S.C. §1983, 42 U.S.C. § 2000e-5(f)(3)(Title VII), 28 U.S.C. § 1331, and 28 U.S.C. § 1343. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to adjudicate Plaintiff's claims under state statutory law.

5.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3).

6.    This Court has the power to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

7.    Plaintiff is an individual who resides at 152 Glen Iris Drive, Rochester, New York 14623.

8.    At all times relevant to the Complaint, Plaintiff was Defendants' "employee" as defined by the Title VII and NYSHRL.

9.    Defendant the Town is a municipality in Monroe County, New York State.

10.    Defendant Jack Moore served as the Town's Town Supervisor at all times relevant to this Complaint.

11.    Defendant Craig Eckert is the Town's Deputy Director of Engineering and Planning.

12.    Defendant Peter Minotti is the Town's Deputy Town Supervisor.

## FACTS

13.    Ms. Youngman began working for the Town in 1980.   In early 2014, Ms. Youngman's position was Management Assistant in the Public Works/Highway Department.

14.    When Jack Moore began working as Town Supervisor, Ms. Youngman began experiencing harassment and discrimination in the workplace due to her gender.

15.    Mr. Moore required Ms. Youngman to report all of her daily activity directly to him, a requirement that was not previously in place.  Other employees were not required to make daily reports, nor did Ms. Youngman's performance warrant such monitoring.

16.     Ms. Youngman began to be routinely bypassed for overtime opportunities while the opportunities were instead given to male employees with less seniority than her.  Previously, and under union contract such opportunities were granted to employees in order of their seniority.

17.     Mr. Moore had a program installed on Ms. Youngman's work computer to monitor her activity.

18.     He claimed falsely the District Attorney requested his action.

19.     Ms. Youngman's immediate supervisor, Craig Eckert, also treated her differently than her male coworkers.

20.     Instead of directly speaking to Ms. Youngman respectfully, Mr. Eckert would only email her, or if he had to address her verbally, he would address her in anger only.

21.     Mr. Eckert began keeping a file on Ms. Youngman to document her "antics".

22.     Mr. Eckert also used the camera system to monitor her activities.

23.     Mr. Eckert purposely delayed approving Ms. Youngman's vacation requests while timely processing male employees' requests.

24.     Mr. Eckert also assigned work to Ms. Youngman that was immediately due or past due, but then would complain that Ms. Youngman was behind in her work.

25.     Ms. Youngman felt generally unsafe around Mr. Eckert due to his targeting of her.

26.     In or around September 2014, Ms. Youngman observed a compound bow on Mr. Eckert's desk in violation of the Town's no weapons policy.  Ms. Youngman complained to Safety Officer Chuck Marshall, who brushed off her concerns.

27.     Ms. Youngman also observed Mr. Eckert looking into her vehicle and then doing the same to fellow employee Barbara Bresnan's vehicle.  This was reported to Barbara Chirdo in the Town's Human Resources Department.  Mr. Eckert did not look into male employees' cars.

28.     On or about December 2, 2014, Ms. Youngman complained about the harassment and discriminatory treatment to the Town's Human Resources Department, specifically to Barbara Chirdo, as well as Mr. Moore and Union Representative Dave Moriarty.

29.      Instead of doing anything about Ms. Youngman's complaints, Ms. Chirdo told her that the Town wanted to transfer Ms. Youngman's position to a different Department.

30.     Ms. Youngman objected to the transfer and stated that she had not done anything wrong.  The transfer would mean working in a different building and would come with a pay and hours cut.

31.     In February 2015, Ms. Youngman filed an EEOC charge regarding these issues (**Exhibit A**).

32.     In March 2015, just weeks after her EEOC Charge was filed, Ms. Youngman was transferred to a different position and Department despite her protests.

33.     After an investigation into Ms. Youngman's February 2015 EEOC Charge, the EEOC found the Town's defense to the allegations to be "problematic" and that there was reasonable cause to believe that the Town discriminated and retaliated against Ms. Youngman. See the probable cause determination attached hereto as **Exhibit B**.

34.     The EEOC found that Ms. Youngman complained of sex discrimination, and that after the Town had notice that Ms. Youngman was filing an EEOC Charge, it retaliatorily transferred her to a different position in a different Department.

35.     The EEOC also found Mr. Moore's testimony during the investigation inconsistent with the Town's position. Mr. Moore falsely stated he had nothing to do with transferring Ms. Youngman's position.

36.     In fact, in a recorded conversation, Ms. Youngman stated that she felt discriminated against based on her sex and that she felt threatened by Mr. Eckert, and Mr. Moore responded that if that was true, he would transfer her position.

37.      When Mr. Moore told Ms. Youngman that he was not going to fire Mr. Eckert, she told him that was not her intent; she only wanted the harassment and discriminatory treatment to stop.

38.     Incredibly, Mr. Moore's response was that if Ms. Youngman was refusing to agree to the transfer, the treatment about which she was complaining must not be that bad.

39.     The EEOC investigation also resulted in a finding of reasonable cause to believe that despite Ms. Youngman's seniority and history of working overtime, after Mr. Moore took office, she was no longer given those opportunities.

40.     The Town claimed at the time that due to a change in policy, employees classified as clerical were no longer given overtime opportunities, but the EEOC's investigation found that male clerical employees were still given overtime.

41.     In June 2015, Ms. Youngman filed another EEOC Charge regarding her retaliatory March 2015 transfer, as well as other racially-charged and disturbing comments and behavior by Mr. Moore.  (**Exhibit C**).

42.     This behavior included an incident in May 2015 in which Mr. Moore aggressively drove his truck behind Ms. Youngman's family after a Town Board Meeting.  As described above, the EEOC found reasonable cause to believe that Ms. Youngman was retaliated against due to her complaints.

43.     Comments attributed to Mr. Moore included a statement that a desk was as "heavy as ten dead n******," using that horrific term for African-American people while a desk was being

moved in the office.

44.     Mr. Moore also used inappropriate nicknames for two female employees to differentiate them based on their breast size, calling them "Big Marie" and "Little Marie."

45.     Ms. Youngman's husband was also employed by the Town.  In May 2015, Mr. Youngman left work during the day to change a shirt that became soiled at work.  Mr. Moore followed Mr. Youngman home and took his picture.

46.     Throughout the next week or two, Mr. Moore repeatedly drove past Ms. Youngman's home.

47.     On or about May 19, 2015, Ms. Youngman's daughter noticed the Deputy Supervisor Peter Minotti drive by the Youngman home, and Mr. Moore drove by just a half hour later.

48.     This was clearly an intimidation tactic by the Town and a targeting of Ms. Youngman and her family due to her complaints and EEOC Charge.  Ms. Youngman reported the conduct to the police.

49.     The EEOC again investigated Ms. Youngman's additional allegations.   As described above, the EEOC found the Town's and Mr. Moore's explanations for Ms. Youngman's transfer inconsistent and that the Town had notice of Ms. Youngman's previous EEOC Charge at the time of the transfer (**Exhibit D**).

50.     Witness testimony confirmed Mr. Moore's offensive racially derogatory comment while moving Ms. Youngman's' desk.  Upon information and belief, the witness to this comment was Tim Briggs.

51.     Witness testimony also confirmed Mr. Moore's use of "Big Marie" and "Little Marie" and its connection to the employees' breast size.  Upon information and belief, the witness confirming Mr. Moore's use of these terms was Marie Armstrong.

52.     The EEOC also found that it was "clear" that the Town's top management officials purposely targeted Ms. Youngman's house when they drove by repeatedly and that it was confirmed by witness testimony and cameras.

53.     The investigation confirmed that Mr. Youngman went home during the work day to change his shirt and that "many" employees, including Mr. Moore, conducted personal business in a town vehicle and/or on town time.

54.     Yet again, the EEOC found reasonable cause to believe that Ms. Youngman was discriminated and retaliated against (**Exhibit D**).

55.     In addition, other individuals were also found to have been discriminated and retaliated against due to sex, race, and filing EEOC Charges.

56.     Ms. Youngman continued working in the discriminatory and retaliatory work environment at the Town.

57.     Eventually, the stress and anxiety of the environment overwhelmed Ms. Youngman, and she went out of work on disability leave.

58.     Despite being cleared to work by her doctor in September 2016, Ms. Youngman was subjected to retaliatory medical examinations, including a psychological examination, before being allowed back to work.

59.     Ms. Youngman's disability leave finally ended on or about January 6, 2017.  When she returned, she was transferred, yet again, to a new Department.  When she began her leave, she

was assigned to the Finance Department, but upon her return, she was reassigned to Personnel. About a month later, she was transferred again to the Town Court.

60.     Ms. Youngman questioned Human Resources employee, Pattie Anthony, regarding the reason she was not returned to her position in Finance upon her return.  Ms. Anthony told her the decision was made by the Town's attorney, Patrick Naylon, Esq., and that he thought a position in Personnel was appropriate.

61.     When Ms. Youngman questioned her transfer to the Town Court, Ms. Anthony told her it was cleared through the local union representation.

62.     In March 2017, Town employee Kathy Schneider gave Ms. Youngman a retirement calendar and told her "no one else needs this but you."

63.     While at the Town Court, Ms. Youngman continued to experience harassment and retaliation due to her previous complaints against the Town.  Her co-workers falsely complained about how she performed her work.  Items went missing from her desk and her drawers.  Ms. Youngman had reason to believe her desk was searched when she was not there.

64.     In May 2017, Ms. Youngman was told that while she was at lunch, her bag fell over underneath her desk, and her co-workers discovered a recording device.

65.     In fact, when Ms. Youngman returned from lunch, she found her bag in the same position it was before she left – pushed far underneath her desk.

66.     Ms. Youngman was accused of illegal recording.  Upon information and belief, the complaint was filed by Kristin Kreiser.

67.     Ms. Youngman was arrested at the end of her shift and charged with Eavesdropping, a felony, and Possession of an Eavesdropping Device.

68.     Ms. Youngman correctly understood that it is legal to record conversations in which she was participating.

69.     Upon information and belief, a Town employee went through Ms. Youngman's bag and found the recording device.

70.     The next day Mr. Moore suspended her from her position with the Town.

71.     Ms. Youngman's arrest was covered by local media, and her mugshot was repeatedly posted online.

72.     Interestingly, the day Ms. Youngman's arrest was reported by the media, Mr. Moore came to work dressed in a suit.  Mr. Moore did not normally wear a suit to work; upon information and belief, he appeared dressed expecting to address the media that day.

73.     The criminal charges against Ms. Youngman were completely dismissed in May 2018.

74.     Upon information and belief, Mr. Moore and/or his employees at Town Court set up a situation with the recording device in which Ms. Youngman could be either fired or otherwise disciplined.

75.     The years of harassment and retaliation, Ms. Youngman's arrest and having to deal with the legal process resulting from the arrest became too much for Ms. Youngman to bear, and she could no longer continue working for the Town.

76.     Ms. Youngman immediately filed for retirement; she could no longer work in such a hostile and retaliatory environment.

77.     Even after Ms. Youngman retired, Mr. Moore's retaliatory conduct did not cease. He continued to show Ms. Youngman's arrest photo to the Town's residents who came to his office, as per a Town Councilman, Rob Barley.

78.     The Monroe County Sherriff came to the Youngman home in August 2017 and told Ms. Youngman and her husband that someone (the Sherriff did not identify an individual) reported that a crime may have been committed in regard to a recording made years prior and questioned them about whether Ms. Youngman or her husband had anything to do with it.

79.     Neither Ms. Youngman nor her husband had anything to do with such a recording.

80.     As discussed above, the EEOC made "reasonable cause" findings on Ms. Youngman's first two EEOC Charges Nos. 525-2015-00272 and 525-2015-00416.

81.     A Right to Sue letter was issued for both of those charges on October 10, 2018. **(Exhibit E).**

82.     Ms. Youngman filed a third EEOC Charge after her retirement regarding the retaliatory acts of 2017.  That Charge is still pending, but a reasonable cause finding is expected soon.

83.     Notably, Ms. Youngman has two more EEOC Charges still pending regarding Defendants' continuing retaliatory acts that are not yet decided.  Upon information and belief, the Town never even submitted a response to those Charges.  Therefore, Ms. Youngman likely has two additional reasonable cause findings that will be issued soon.

## INJURIES

84.     Ms. Youngman experienced discriminatory behavior as soon as Mr. Moore took office as Town Supervisor in early 2014 and then constant discriminatory and retaliatory treatment until she could no longer take the treatment and had to retire for her health.

85.     Ms. Youngman's lengthy career was abruptly ended, and her reputation was destroyed after a flurry of media reports about her.

86.     Ms. Youngman repeatedly lost opportunities for overtime pay and lost wages when out on disability leave resulting from the Town's treatment.

87.     Ms. Youngman was also denied a cost of living pay raise and denied the use of accrued vacation, sick and personal time.

88.     Ms. Youngman retired before she originally planned due to the harassment and retaliation, and her retirement benefits are forever reduced as a result.

89.     Ms. Youngman also had to pay attorneys' fees to defend her retaliatory arrest; the charges were appropriately dismissed in full.

90.     Most of Ms. Youngman's claims have been investigated by the EEOC who found reasonable cause to believe she experienced harassment and discrimination.

91.     The bulk of the treatment was done by the Town's top official, Mr. Moore, and many of his retaliatory actions were recorded.

**AS AND FOR PLAINTIFF'S FIRST CLAIM FOR RELIEF
UNDER TITLE VII AGAINST DEFENDANT TOWN OF HENRIETTA FOR
UNLAWFUL DISCRIMINATION AND HOSTILE WORK ENVIRONMENT**

92.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

93.     By and through their course of conduct as alleged above, the Town, and their agents willfully violated Title VII, 42 U.S.C. § 2000e et seq., by subjecting Plaintiff to a hostile work environment, discriminating against Plaintiff, and denying her equal terms and conditions of employment, harassing Plaintiff, retaliating against Plaintiff, and materially altering the terms and conditions of her employment because of her gender and sex.

94.     As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

**AS AND FOR PLAINTIFF'S SECOND CLAIM FOR RELIEF
UNDER TITLE VII AGAINST DEFENDANT
TOWN OF HENRIETTA FOR UNLAWFUL RETALIATION**

95.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

96.     By and through their course of conduct as alleged above, the Town, and their agents

willfully violated Title VII, 42 U.S.C. § 2000e et seq., by retaliating against Plaintiff.

97.     As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in

amounts to be determined at trial.

**AS AND FOR PLAINTIFF'S THIRD CLAIM FOR RELIEF
UNDER THE NEW YORK STATE HUMAN RIGHTS LAW AGAINST
DEFENDANT TOWN OF HENRIETTA FOR
UNLAWFUL DISCRIMINATION AND HOSTILE WORK ENVIRONMENT**

98.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

99.     By and through their course of conduct as alleged above, Defendant, Town of

Henrietta, willfully violated New York State Human Rights Law by subjecting Plaintiff to a hostile

work environment, discriminating against Plaintiff, and denying her equal terms and conditions of

employment, harassing Plaintiff, retaliating against Plaintiff, and materially altering the terms and

conditions of her employment because of her gender and sex.

100.     As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in

amounts to be determined at trial.

**AS AND FOR PLAINTIFF'S FOURTH CLAIM FOR RELIEF UNDER
THE NEW YORK STATE HUMAN RIGHTS LAW AGAINST DEFENDANT
TOWN OF HENRIETTA FOR UNLAWFUL RETALIATION**

101.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

102.     By and through their course of conduct as alleged above, Defendant, Town of

Henrietta, willfully violated New York State Human Rights Law by subjecting Plaintiff to a hostile

work environment and materially altering the terms and conditions of her employment because of her gender and sex.

103.   As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

### AS AND FOR PLAINTIFF'S FIFTH CLAIM FOR RELIEF UNDER NEW YORK STATE HUMAN RIGHTS LAW AGAINST DEFENDANTS MOORE, ECKERT, AND MINOTTI FOR AIDING AND ABETTING, UNLAWFUL DISCRIMINATION AND HOSTILE WORK ENVIRONMENT

104.   Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

105.   By and through their course of conduct as alleged above, Defendant Town of Henrietta willfully violated New York State Human Rights Law by harassing and treating the Plaintiff differently in retaliation.

106.   As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

### AS AND FOR PLAINTIFF'S SIXTH CLAIM FOR RELIEF UNDER NEW YORK STATE HUMAN RIGHTS LAW AGAINST DEFENDANTS MOORE, ECKERT, AND MINOTTI FOR AIDING AND ABETTING UNLAWFUL RETALIATION

107.   Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

108.   By and through their course of conduct as alleged above, Defendants Moore, Eckert, and Minotti willfully violated Title VII, 42 U.S.C. § 2000e et seq., by harassing and treating the Plaintiff differently in retaliation.

109.   As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

**AS AND FOR PLAINTIFF'S SEVENTH CLAIM FOR RELIEF UNDER
SECTION 1983 AGAINST DEFENDANTS MOORE, ECKERT, AND MINOTTI
<u>FOR UNLAWFUL DISCRIMINATION AND RETALIATION</u>**

110.    Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

111.    By and through their course of conduct as alleged above, Defendants Moore, Eckert, and Minotti violated Section 1983 by discriminating against the Plaintiff, harassing the Plaintiff, retaliating against the Plaintiff, and materially altering the terms and conditions of her employment because of her sex and gender, and thereby depriving her of the equal protection of the laws under the Fourteenth Amendment to the United States Constitution.

**AS AND FOR PLAINTIFF'S EIGHTH CLAIM FOR RELIEF UNDER
SECTION 1983 AGAINST DEFENDANT TOWN OF HENRIETTA
<u>FOR UNLAWFUL DISCRIMINATION AND RETALIATION</u>**

1.    Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

2.    By and through its course of conduct as alleged above, Defendant Town of Henrietta violated Section 1983 by discriminating against the Plaintiff, harassing the Plaintiff, retaliating against the Plaintiff, and materially altering the terms and conditions of her employment because of her sex and gender, and thereby depriving her of the equal protection of the laws under the Fourteenth Amendment to the United States Constitution.

**<u>PRAYER FOR RELIEF</u>**

**WHEREFORE,** Plaintiff prays that this Court:

(a)    Accepts jurisdiction over this matter,

(b)    Accepts, impanels and charges a jury with respect to the claims for relief; and

(c)    Awards the following damages against Defendants:

      i.        Back pay, front pay, and all benefits along with pre and post judgment interest, in amounts to be determined at trial;

      ii.       Punitive, liquidated, and compensatory damages including, but not limited to, damages for pain and suffering, anxiety, humiliation, physical injuries and emotional and physical distress in order to compensate her for the injuries she has suffered and to signal to other employers that discrimination in employment is repulsive to legislative enactments, in amounts to be determined at trial;

      iii.      Attorneys' fees, costs, and expenses as provided for by the applicable statutes; and

      iii.      Any other relief which this Court deems just and proper.

Dated:      January 7, 2019
           Rochester, New York

                        **UNDERBERG & KESSLER LLP**

                        /s/  Paul F. Keneally

                        _____
                        Paul F. Keneally, Esq.
                        Alina Nadir, Esq.
                        *Attorneys for Plaintiff Marlene Youngman*
                        300 Bausch & Lomb Place
                        Rochester, New York 14604
                        Telephone: (585) 258-2800
                        pkeneally@underbergkessler.com
                        anadir@underbergkessler.com

# EXHIBIT A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 525-2015-00272 |

| New York State Division Of Human Rights | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Ms. Marlene M. Youngman** | **(585) 334-2191** | **10-26-1959** |

| Street Address | City, State and ZIP Code |
|---|---|
| **152 Glen Iris Drive, Rochester, NY 14623** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **TOWN OF HENRIETTA** | **15 - 100** | **(585) 334-7700** |

| Street Address | City, State and ZIP Code |
|---|---|
| **475 Calkins Road,  Po Box 999,  Henrietta, NY 14467** | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| **12-02-2014** | **12-02-2014** |

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I have worked for Respondent since 1980.  My current position is Management Assistant.

From about January 2014, with the start of new town Supervisor Jack Moore, I have been subject to harassment as well as different terms and conditions of employment because of my gender/female and my age/55.  Additionally, my direct supervisor Craig Eckert does not talk with me, instead he screams and sends emails.  Upon information and belief, Eckert has kept a separate file "to document my antics."  Eckert monitors me on the camera system.  Eckert has also installed spyware on my computer to monitor me; Eckert states he had the spyware installed at the request of the District Attorney.  Comments have been made about my age, including comments that many employees have retired at 55.  Comments include "I know they are both are ready to retire (referring to my husband) I don't know why the fuck they are not gone."  This comment was made to Eckert by a coworker; Eckert did nothing to discourage the discriminatory comment.  I have been required to report all my actions daily to Supervisor Moore.  I have been bypassed for overtime granted to other employees with less seniority.  Eckert is remiss on approving vacation time for me

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| | AMANDA HEAGERTY  Notary Public - State of New York  No. 01HE6214931  Qualified in Monroe County  My Commission Exp. 12/21/2017 |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.  SIGNATURE OF COMPLAINANT  X *Marlene M Young* |
| 2/5/15  _Date_    X *Marlene M Young*  _Charging Party Signature_ | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*  February 5, 2015 |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 525-2015-00272 |

| **New York State Division Of Human Rights** | | and EEOC |
|---|---|---|
| *State or local Agency, if any* | | |

while providing approval for other employees in a timely manner. On or about September 16, 2014, I observed that Eckert had a compound bow sitting on his desk pointed at the door. I complained to Safety Officer Chuck Marshall who stated the bow did not have any arrows while rolling his eyes at me. I stated that I should then be allowed to bring a gun to work without bullets. Eckert removed the bow. This violated the no weapons policy. Eckert assigns work to me after the due date and I am then talked to about being behind. On or about December 2, 2014, I complained about these issues with Barb Chirdo from Human Resources. I was advised that respondent wanted to transfer me out of the Dept. of Public Works. I stated that I did not want to transfer as I had done nothing wrong. Moore stated that he wasn't going to fire Eckert and I stated I was not looking to have Eckert terminated but did want the harassment to be addressed and to stop. Moore stated to me that the harassment must not be that bad if I wouldn't transfer out of the department. The transfer would result in my moving to another building and have my hours and my pay cut. Upon information and belief, Respondent has had plans to remove me from my department. This information has been circulating around the department since I complained about the above issues and that I believed I was being targeted because of my gender/female.

I believe I have been subject to different terms and conditions of employment, denied overtime, scrutinized and threatened with transfer because of my gender/female, age/55 and in retaliation for complaining about gender harassment in willful violation of the Age Discrimination in Employment Act and Title VII of the Civil Rights Act of 1964, as amended. Respondent's actions after my complaint create a chilling effect for other employees who may be afraid to support my allegations and/or may be discouraged from coming forward to protect their rights for fear of an adverse employment action.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br>X _Marlin M You_ |
| _2/5/15_       X _Marlin M You_<br>Date                    Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year)<br>_February 5 2015_ |

AMANDA HAGERTY
Notary Public - State of New York
No. 01HE6214931
Qualified in Monroe County
My Commission Exp. 12/21/2017

**EXHIBIT B**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Buffalo Local Office**

6 Fountain Plaza, Suite 350
Buffalo, NY  14202
Phone: (716) 551-4442
Fax: (716) 551-4387

John E. Thompson Jr.,
Director

<h2 align="center">DETERMINATION</h2>

<u>**Charging Party**</u>                                              <u>**Charge No: 525-2015-00272**</u>
Marlene M. Youngman
152 Glen Iris Drive
Rochester, NY 14623

<u>**Respondent**</u>
Town of Henrietta
475 Caulkins Road
Henrietta, NY 14467

On behalf of the U.S. Equal Employment Opportunity Commission ("Commission"), I issue the following determination on the merits of the subject charge filed under Title VII of the Civil Rights Act of 1964, as amended (Title VII) and the Age Discrimination Act (ADEA). Respondent Town of Henrietta is an employer within the meaning of Title VII. All requirements for coverage have been met. Charging Party alleges that she was subject to different terms and conditions of employment, denied overtime, and threatened with transfer in retaliation for complaining about harassment based on her sex/female and her age/55.

Respondent denies discriminating against Charging Party.  In its position statement, Respondent states that the issue here is one of a personality conflict and lack of professionalism between Charging party and her direct supervisor Craig Eckert.  Respondent denies that Charging Party ever complained about being targeted because of her sex or her age and that it offered her a "voluntary transfer" which she declined.  Respondent admits that Charging Party, as well as seven other employees, was under investigation for employee performance.  Respondent states that the Town Supervisor, Jack Moore determined that Eckert would be demoted and Charging Party transferred to another department as a result of an independent consultant's recommendation for "Team Reconstruction."  Respondent maintains that Charging Party was considered for transfer based upon the quality of her work and her lack of professionalism.  As far as overtime opportunities, Respondent states that there was a change in how overtime would be assigned and offered in that employees such as Charging Party, who performed clerical work, would not be offered overtime.  Respondent admits that Eckert documented Charging Party's performance

The Commission's investigation reveals that Respondent's defense is problematic.  The evidence shows that Respondent had notice of Charging Party's EEOC Charge of Discrimination prior to transferring her to a different position in a different department.  Charging Party had engaged in a protected activity of complaining of sex discrimination.  Testimony by the Town Supervisor is contrary to the Respondent's statement of position in that Supervisor Moore stated he had nothing to do with the decision to transfer the Charging Party.  A recording of a meeting between Charging Party, Supervisor Moore, HR Barb Chirdo, and Union Rep Dave Moriarity

confirms that Charging Party did indeed complain that she felt she was being targeted by Eckert because of her sex/female and that she felt threatened and unsafe being around him. In this conversation Supervisor Moore states if Charging Party felt threatened or uncomfortable, he would mover her to a different position. When Charging Party objected to being moved and questioned why she should be moved and what Respondent was going to do to address Eckert's behavior, Supervisor Moore stated he was going to do nothing to Eckert and that the harassment couldn't be that bad if she wouldn't take a transfer. Further review of overtime records shows that although Charging Party showed a history and seniority of being overtime, after Supervisor Moore took office, she was no longer provided that opportunity, although male employees who performed clerical work were provided overtime opportunities.

Based on the above, Respondent's asserted defense does not withstand scrutiny and the Commission has determined that there is reasonable cause to believe that Respondent has discriminated and retaliated against Charging Party based upon her sex/female and in retaliation for engaging in a protected activity when she complained about the harassment.

As to the allegations of age discrimination, the evidence has failed to show that Charging Party was targeted because of her age/55. The Charging Party may only pursue this matter by filing suit against the Respondent within 90 days of receipt of this letter. Otherwise, the Charging Party's right to sue will be lost.

This determination is final. Title VII requires that, if the Commission determines that there is reasonable cause to believe that violations have occurred, it shall endeavor to eliminate the alleged unlawful employment practices by informal methods of conference, conciliation, and persuasion. Having determined that there is reason to believe that violations have occurred, the Commission now invites Respondent to join with it in an effort toward a just resolution of this matter. Enclosed is a letter outlining the proposed terms of conciliation.

Disclosure of information obtained by the Commission during the conciliation process may only be made in accordance with Title VII and the Commission's Procedural Regulations. The confidentiality provisions of Section 107 of Title VII and Commission Regulations apply to information obtained during conciliation.

If Respondent declines to enter into conciliation discussions, or when the Commission's representative is unable to secure an acceptable conciliation agreement, the Director shall so inform the parties, advising them of the court enforcement alternatives available to aggrieved persons and the Commission.

On behalf of the Commission:

John E. Thompson Jr., Director
Buffalo Local Office

SEP 2 6 2017
_____
Date

# EXHIBIT C

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 525-2015-00416 |

| | |
|---|---|
| **New York State Division Of Human Rights** | and EEOC |
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Ms. Marlene M. Youngman** | **(585) 334-2191** | **10-26-1959** |

Street Address                    City, State and ZIP Code

**152 Glen Iris Drive, Rochester, NY 14623**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **TOWN OF HENRIETTA** | **15 - 100** | **(585) 334-7700** |

Street Address                    City, State and ZIP Code

**475 Calkins Road,  Po Box 999,  Henrietta, NY 14467**

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

Street Address                    City, State and ZIP Code

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest          Latest |
| ☐ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN | **03-05-2015     05-20-2015** |
| ☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION | |
| ☐ OTHER (Specify) | ☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I have worked for Respondent since 1980.  My current position is Management Assistant.  On January 20, 2015, I filed a Charge of Discrimination 525-2015-00272.

On or about March 5, 2015, I was transferred from my position in the Highway Dept. to the Finance Dept.  I believe I was transferred in retaliation for complaining about gender harassment and age discrimination by my direct supervisor at the time, Craig Eckert, who was subsequently demoted. Additionally, a current employee shared with me that while helping move desks in or round the first week in March, Town Supervisor Jack Moore made a comment about moving a desk, "This desk is as heavy as 10 dead niggers."  ~~This was after Moore claimed to have taken sensitivity training.~~ Additionally, Moore has engaged in inappropriate sexual based name calling refer to two employees as "Big Marie" and "Little Marie" to distinguish them by their breast size.

On or about May 11, 2015, my husband came home to change his soiled shirt, Moore apparently

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to |
| I declare under penalty of perjury that the above is true and correct. | the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 6/12/15                    X *Marlene M Youngman*<br>Date              Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)   6/12/15 |

SHAY T MUSSLER<br>Notary Public - State of New York<br>No. 01MU6321635<br>Qualified in Monroe County<br>My Commission Exp. 03/23/2019

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 525-2015-00416 |

**New York State Division Of Human Rights** and EEOC

*State or local Agency, if any*

followed him and took his picture. Moore continued to drive past my home several times including on or about May 12, 2015 and May 20, 2015. On or about May 19, 2015, my daughter noticed the Deputy Supervisor Peter Minotti drove by my home followed by Moore a half hour later. I believe Moore was trying to intimidate me. Finally, on or about May 26, 2015, I reported their conduct to the police. The "drive bys" subsequently stopped.

I believe I have been transferred and subject to staking and monitoring because I have filed a previous charge in violation of Title VII of the Civil rights Act of 1964, as amended and the Age Discrimination in Employment Act. I believe other females have been subject to sexually based name calling based upon gender/female and that Moore continues to make discriminatory remarks about protected individuals in violation of Title VII of the Civil Rights Act of 1964, as amended.

| | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |

| 6/12/15 | | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE |
|---|---|---|
| Date | Charging Party Signature | 6/12/15 |

JOSEPH M. MUSSLER
Notary Public – State of New York
No. 01MU6321635
Qualified in Monroe County
My Commission Exp. 03/23/2019

# EXHIBIT D



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Buffalo Local Office**

6 Fountain Plaza, Suite 350
Buffalo, NY 14202
Phone: (716) 551-4442
Fax: (716) 551-4387

John E. Thompson Jr.,
Director

# DETERMINATION

**Charging Party**
Marlene M. Youngman
152 Glen Iris Drive
Rochester, NY 14623

**Charge No: 525-2015-00416**

**Respondent**
Town of Henrietta
475 Caulkins Road
Henrietta, NY 14467

On behalf of the U.S. Equal Employment Opportunity Commission ("Commission"), I issue the following determination on the merits of the subject charge filed under Title VII of the Civil Rights Act of 1964, as amended (Title VII). Respondent Town of Henrietta is an employer within the meaning of Title VII. All requirements for coverage have been met. Charging Party alleges that she was transferred, subject to stalking and monitoring in retaliation for filing a previous charge of discrimination with the EEOC. Additionally, Charging Party alleges that the Town Supervisor continues to engage in making inappropriate comments of a racial nature to employees. Charging Party alleges that other females have been subject to sexually based name calling based upon sex/female.

Respondent denies discriminating against Charging Party. In its position statement, Respondent states that it has documented longstanding issues with Charging Party and this was the reason for transferring Charging Party to a different department. Respondent denies the Supervisor engaged in any racial comments and even if he did, it was singular in nature and cannot constitute a violation under Title VII. Respondent denies engaging in any inappropriate name calling based on sex, stating that any comments made were innocent in nature. Finally, Respondent denies stalking stating that the Supervisor drove by Charging Party's home to snap a picture of her husband in the driveway while on town time.

The Commission's investigation reveals that Respondent's defense is problematic. The evidence shows that Respondent had notice of Charging Party's EEOC Charge of Discrimination prior to transferring her to a different position in a different department. Charging Party had engaged in a protected activity of complaining of sex discrimination. Testimony by the Town Supervisor is contrary to the Respondent's statement of position in that Supervisor Moore stated he had nothing to do with the decision to transfer the Charging Party. Witness testimony verifies that Supervisor made the comment "this desk is heavier than 10 dead niggers" while moving

Charging Party's desk during her involuntary transfer.  Additionally, witness testimony also shows that Supervisor Moore engaged in inappropriate sexually charged name calling when he distinguished two women as "Big Marie" and "Little Marie" based on their breast size.  Both women are similar in stature and weight.  Finally, it is clear that Charging Party and her family were targeted by Supervisor Moore and other supervisory employees drove past Charging party's house on several occasion and is documented through camera and witness testimony.  While admitting that Charging Party was home during working hours, he was home to charge his shirt that had become soiled at work.  Additionally, the investigation revealed that many employees, including the Supervisor Moore conducted private business while on town time or when using a town vehicle.

The investigation further revealed that Charging Party's daughter, as well as two other children of individuals who also filed EEOC Charges had a history of being hired as seasonal employees.  After the individuals filed EEOC Charges, these three one time seasonal employees were never re-hired again.

Based on the above, Respondent's asserted defense does not withstand scrutiny and the Commission has determined that there is reasonable cause to believe that Respondent has discriminated and retaliated against Charging Party as well as other individuals on account of sex, race, and filing of previous EEOC Charges.

This determination is final. Title VII requires that, if the Commission determines that there is reasonable cause to believe that violations have occurred, it shall endeavor to eliminate the alleged unlawful employment practices by informal methods of conference, conciliation, and persuasion.  Having determined that there is reason to believe that violations have occurred, the Commission now invites Respondent to join with it in an effort toward a just resolution of this matter.  Enclosed is a letter outlining the proposed terms of conciliation.

Disclosure of information obtained by the Commission during the conciliation process may only be made in accordance with Title VII and the Commission's Procedural Regulations.   The confidentiality provisions of Section 107 of Title VII and Commission Regulations apply to information obtained during conciliation.

If Respondent declines to enter into conciliation discussions, or when the Commission's representative is unable to secure an acceptable conciliation agreement, the Director shall so inform the parties, advising them of the court enforcement alternatives available to aggrieved persons and the Commission.

On behalf of the Commission:

John E. Thompson Jr., Director
Buffalo Local Office

SEP 2 6 2017
_____
Date



EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA <br> ☒ EEOC | 525-2017-00673 |

| | |
|---|---|
| **New York State Division Of Human Rights** | and EEOC |
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Ms. Marlene M. Youngman** | **(585) 334-2191** | **1959** |

| Street Address | City, State and ZIP Code | | |
|---|---|---|---|
| **152 Glen Iris Drive, Rochester, NY 14623** | | | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **TOWN OF HENRIETTA** | **201 - 500** | **(585) 359-7000** |

| Street Address | City, State and ZIP Code | | |
|---|---|---|---|
| **475 Calkins Road,  Henrietta, NY 14467** | | | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code | | |
|---|---|---|---|
| | | | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: **05-03-2017**   Latest: **07-13-2017**

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I had worked for Respondent since 1980.  My last position was Management Assistant.  I am a qualified individual with a disability.

On or about January 6, 2017, I returned to work from disability leave.  I was out of disability leave related to stress and anxiety due to abuse of Town Supervisor, Jack Moore.  So much so that I filed two charges of discrimination with the EEOC; charge nos. 525-2015-00272 and 525-2015-00416.  I was not retuned to my position in Finance and was assigned to Personnel; I was later assigned to the town court on or about February 5, 2017.  I asked HR Pattie Anthony why I was not returned to my position in Finance and she stated that the attorney, Patrick Naylon, thought a position in Personnel was appropriate.  When I asked her why I was assigned to the court and if it had been approved by union, she stated that she had cleared it through the local union, not downtown ("I don't have to go downtown").  On or about March 21, 2017, I was given a NYS Retirement Consultation Calendar by Kathie Schnieder who stated, "no one else needs this but you."  During my time in this position, I was harassed and ridiculed by coworkers.  Comments were made because I took too long to wait on people.  I would often find items missing from my desk and my drawers.  I believe my belongings were systematically searched by these individuals when I was not in the office.  On or about May 3, 2017, I was advised that my coworkers had discovered a recording device when my bag fell over

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. <br> SIGNATURE OF COMPLAINANT <br> X Marlene M Young |
| 7/18/17 _____ X Marlene M Young <br> Date __ Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) July 18th 2017 <br> BHANDON MERRELL <br> Notary Public - State of New Yo <br> No. 01ME6343869 <br> Qualified in Monroe <br> My Commission Exp. 06/20/20 |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 525-2017-00673 |

**New York State Division Of Human Rights** and EEOC

*State or local Agency, if any*

under my desk while I was out to lunch. I was accused of illegally recording conversations. When I returned from lunch, my bag appeared to be where I left it. I was arrested at the end of my shift and charged with Felony Eavesdropping and possession of an eavesdropping device. The following day Supervisor Moore suspended me. Upon information and belief, I thought that the device was turned off. I was well aware that I was permitted to record as long as I was present for the conversations. I became so full of anxiety, I was constructively discharged and forced to retire as I could no longer take the mental abuse of Moore. Upon information and belief, Moore came to work on or about May 4, 2017 dressed in his suit as if he was prepared to address the media. Upon information and belief, I believe Moore set me up in retaliation for being advised by the EEOC that my and other charges against the town would receive cause findings. This was shared with Moore in a meeting a few weeks prior to try and resolve the charges.

I believe I have been subject to different terms and conditions of employment because I have a disability, a history of a disability, my gender/female, and in retaliation for filing previous charges of discrimination in willful violation of the Americans with Disabilities Act, as amended and Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br>X *Marlene M ____* |
| 7/18/17     X *Marlene M ____*<br>Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* July 18th 2017<br>BRANDON MERRELL<br>Notary Public - State of New Yo___<br>No. 01ME6343869<br>Qualified in Monroe<br>My Commission Exp. 06/20/20__ |

**EXHIBIT E**



**U.S. Department of Justice**

Civil Rights Division

JMG:KDW:KLF
DJ 170-53-158 & 159

*Employment Litigation Section - PHB*
*950 Pennsylvania Avenue, NW*
*Washington, DC 20530*
*www.usdoj.gov/crt/emp*

## NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

CERTIFIED MAIL 7003 0500 0002 5071 6424
RETURN RECEIPT REQUESTED

**OCT 10 2018**

Ms. Marlene M. Youngman
152 Glen Iris Drive
Rochester, NY 14623

Re:     Marlene M. Youngman v. Town of Henrietta
        EEOC Charge Nos. 525-2015-00272 & 525-2015-00416

Dear Ms. Youngman:

It has been determined that the Department of Justice will not file suit on the above-referenced charges of discrimination that were referred to us by the Equal Employment Opportunity Commission (EEOC). This should not be taken to mean that the Department of Justice has made a judgment as to whether or not your charges are meritorious.

You are hereby notified that conciliation in this matter was unsuccessful by the EEOC. You are further notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq., against the above-named respondent. If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.

Therefore, you should consult an attorney of your own choosing at your earliest convenience. If you are unable to locate an attorney, you may wish to contact the EEOC, or apply to the appropriate court, since that court may appoint an attorney in appropriate circumstances under Section 706(f)(1) of Title VII, 41 U.S.C. 2000e-5(f)(1).

We are returning the files in these matters to EEOC's Buffalo Local Office. If you or your attorney have any questions concerning this matter or wish to inspect the investigative files, please feel free to address your inquiry to: John E. Thompson, Jr., Director, EEOC, 6 Fountain Plaza, Ste. 350, Buffalo, NY 14202.

Sincerely,

John M. Gore
Acting Assistant Attorney General
Civil Rights Division

By:

Karen D. Woodard
Principal Deputy Chief
Employment Litigation Section

cc:     Town of Henrietta
        Patrick B. Naylon, Esquire
        EEOC, Buffalo Local Office